# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Mason Tirone, ) | 3:25-cv-12803-MGL |
| ) | |
| Plaintiff, ) | COMPLAINT |
| ) | |
| v. ) | |
| ) | |
| John Heflin, Eric Boland, Brad Lawing, ) | |
| Casey Robinson and David Thomley, ) | |
| individually and as agents of Camden ) | |
| Military Academy, Inc. and ) | |
| Camden Military Academy, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Plaintiff would respectfully show unto the Court and allege:

## JURISDICTION & VENUE

1. That the Plaintiff, Mason Tirone, is a citizen and resident of the State of Colorado.

2. That the Defendant, Camden Military Academy, Inc. (hereinafter "CMA"), is a corporation organized and existing under the laws of the State of South Carolina and its principal place of business is located in Camden, South Carolina.

3. That the Defendants, John Heflin, Eric Boland, Brad Lawing, Casey Robinson and David Thomley, are citizens and residents of the State of South Carolina.

4. That the amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

5. That this Court has diversity jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C §1332.

6. That venue is proper in this jurisdictional division pursuant to 28 U.S.C §1391(c).

## FACTUAL ALLEGATIONS

7. That the Plaintiff enrolled at CMA in or about August of 2022 and was a minor under the age of eighteen (18) at the time of his enrollment, specifically fifteen (15) years of age.

8. That the Defendant, John Heflin, was employed at CMA during all relevant dates and times as CMA's Dean of Students.

9. That the Defendant, Eric Boland has, at all relevant times, been employed at CMA as the Head of School or "Headmaster" and has been responsible for the hiring, monitoring, supervision, training, or retention of Defendant Heflin and other employees involved in the alleged acts or omissions.

10. That the Defendant, Brad Lawing, has, at all relevant times, been employed at CMA as the Commandant of Cadets and has been responsible for the hiring, monitoring, supervision, training, or retention of Defendant Heflin and other employees involved in the alleged acts or omissions.

11. That the Defendant, Casey Robinson, has, at all relevant times, been employed at CMA as the Dean of Enrollment and Administration and has been responsible for the hiring, monitoring, supervision, training, or retention of Defendant Heflin and other employees involved in the alleged acts or omissions.

12. That the Defendant, David Thomley, has, at all relevant times, been employed at

CMA as the Director of Campus Safety and Security and has been responsible for the monitoring, supervision, training, or retention of Defendant Heflin and other employees involved in the alleged acts or omissions as well as the overall safety and security of the student body at CMA.

13. That prior to the Plaintiff's enrollment at CMA, the Plaintiff had no prior relationship nor had any knowledge of Defendant Heflin.

14. That beginning in the Spring semester of 2023 Defendant Heflin began an effort to have an inappropriate sexual relationship with the Plaintiff.

15. That in the Spring of 2023 Defendant Heflin began to engage in frequent perverted and predatory forms of sexually inappropriate conversations, innuendos, and contact with the Plaintiff, often in the presence of other minor students while on the campus of CMA.

16. That in the Spring of 2023 and continuing thereafter, Defendant Heflin provided the Plaintiff with various gifts, favors, and special treatment, including University of South Carolina football tickets where Plaintiff attended a tailgate with Defendant Heflin where alcohol was served and Defendant Heflin made perverted and sexually inappropriate comments in the presence of the Plaintiff and others.

17. That during the Fall semester of 2023, Defendant Heflin expressed to the CMA cross country athletic team that is was unnecessary for the minor student runners to wear undergarments under their running shorts.

18. That while on a CMA sanctioned cross country team bus trip, Defendant Heflin directed the Plaintiff to view another minor student on the bus who had partially exposed

genitalia while wearing no undergarments.

19. That in or about September of 2024, the Defendant Heflin requested via social media photographs of the Plaintiff's genitalia while Plaintiff was enrolled and on the campus of CMA.

20. That the Plaintiff voluntarily terminated his enrollment at CMA immediately after receiving the request for photographs of his genitalia by Defendant Heflin.

21. That Defendants Lawing, Boland, Robinson and Thomley, in their individual, official and supervisory capacities permitted, tolerated or maintained a culture of willing indifference and reckless disregard for student safety by failing to monitor Defendant Heflin and by consciously allowing and permitting students to stay overnight at his private residence. That additionally, Defendants Lawing, Boland, Robinson and Thomley acted with reckless disregard for the safety of their minor students (children) in the hiring, training, monitoring, supervision, and retention of Defendant Heflin and failed to exercise their special duties to protect and warn their minor students (children) of the conduct of Defendant Heflin, which all proximately caused the physical and mental injuries in whole or in part suffered by the Plaintiff.

## FIRST CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress as to Defendant Heflin)**

22. Plaintiff incorporates by reference the relevant and consistent allegations of its previous paragraphs as if fully repeated herein.

23. That Defendant Heflin wilfully, intentionally and recklessly inflicted severe emotional distress that resulted or was substantially certain to result from the psychological and criminal sexual abuse of Plaintiff.

24. That Defendant Heflin's outrageous conduct was so extreme and outrageous as to exceed all possible bounds of decency and is utterly intolerable in a civilized community.

25. That the Defendant's sexually perverted actions caused Plaintiff severe and permanent psychological injury.

26. That the injuries inflicted upon the Plaintiff were so severe that no reasonable person could be expected to endure them.

27. That as a direct and proximate result of the Defendants' outrageous conduct, Plaintiff suffered and continues to suffer severe and permanent psychological injuries and is therefore entitled to actual and punitive damages in an amount to be determined by a jury.

## SECOND CAUSE OF ACTION
**(Vicarious Liability as to Defendant CMA)**

28. That the Plaintiff reaffirms and reiterates all the allegations in the previous paragraphs as if fully repeated and is incorporated herein verbatim.

29. That the Defendant CMA is vicariously liable for the actions of the Defendants by way of the Doctrine of Respondeat Superior because at all times mentioned herein all Defendants were acting within the scope of their employment as agents of the principal Defendant CMA.

30. That as a result of Defendants' negligence, gross negligence, reckless, wilful, and wanton actions, the Plaintiff suffered severe and catastrophic physical, mental and psychological injuries and is therefore entitled to actual and punitive damages in an amount to be determined by a jury.

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Supervision and Training as to Defendants Boland, Robinson Lawing, and Thomley)

31. That the Plaintiff reaffirms and reiterates all the allegations in the previous paragraphs as if fully repeated and is incorporated herein verbatim.

32. That the Defendant, John Heflin, intentionally inflicted harm upon the Plaintiff while serving as an employee of Defendant CMA while on the Defendant CMA's premises. That Defendant CMA, by and through its agents and employees, actually knew or had reason to know that it had the ability to control Defendant Heflin's conduct as an employee, both on and off its premises.

33. That the Defendant CMA, by and through its agents and employees, actually knew of or had reason to know of the duty and obligation to exercise such control over Defendant Heflin because of the special relationship that existed between the minor students (children) and CMA's administration.

34. That as a result of Defendant CMA and its agents and employee's failure to control and to warn of Defendant Heflin's sexually perverted conduct and failure to report such criminal sexual abuse to the South Carolina Department of Social Services pursuant to its legally mandated duties, Defendant CMA and its agents and employees were wilful, wanton, reckless, negligent, and grossly negligent in creating, permitting, and tolerating an environment where psychological and criminal sexual abuse was likely to occur.

35. That as a direct and proximate result of Defendant CMA's acts and omissions, by and through its agents and employee's wilful, wanton, reckless, negligent and grossly negligent

failure to supervise, control, and warn of Defendant Heflin's conduct, Plaintiff has suffered and continues to suffer severe and permanent physical and psychological injuries and is entitled to actual and punitive damages for an amount to be determined by a jury.

### FOURTH CAUSE OF ACTION
**(Civil Conspiracy, as to all Defendants)**

36. That the Plaintiff reaffirms and reiterates all the allegations in the previous paragraphs as if fully repeated and is incorporated herein verbatim.

37. That Defendant CMA, its agents and employees, engaged in an agreement or understanding either explicitly, tacitly, or implicitly, for the purpose of injuring the Plaintiff by:

   a. Engaging in a conspiracy of silence and coverup with actual knowledge and notice of Heflin's perverted and predatory behavior which was unlawful, all while endangering the safety and welfare of the minor students (children);

   b. Failing to warn the parents or guardians of its minor students (children), who had entrusted Defendant CMA with their children's care and protection, about Defendant Heflin's inappropriate conduct;

   c. By refusing to report such criminal sexual abuse to the South Carolina Department of Social Services as mandated by law; and

   d. Such other particulars as the evidence may show.

38. That Defendant CMA's conspiracy of silence, stonewalling, and coverup directly and proximately caused injury to the Plaintiff.

39. That as a direct and proximate result of Defendant CMA's conduct, the Plaintiff is entitled to all general, punitive and special damages proximately caused by the Defendant

CMA.

**WHEREFORE,** the Plaintiff seek a judgment against the Defendants in an amount to be determined by a jury, for actual and punitive damages and for such other and further relief as this Court deems just and proper.

**Plaintiff demands a jury trial.**

                                    **ALLEN & ALLEN LAW FIRM, LLC**

                                    s/Joshua C. B. Allen
                                    Joshua C. B. Allen (Fed. Bar #12536
                                    josh@allenandallenlawfirm.com

                                    s/Donald L. Chuck Allen
                                    Donald L. Chuck Allen, (Fed. Bar #04064)
                                    chuck@allenandallenlawfirm.com

                                    s/Austin G. McLain
                                    Austin G. McLain, (Fed. Bar #14326)
                                    austin@allenandallenlawfirm.com
                                    Attorneys for Plaintiff
                                    PO BOX 2861
                                    Anderson, South Carolina 29622
                                    (864)226-6184
                                    (864)226-1282 (fax)

Anderson, South Carolina
Dated: October 2, 2025